IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAMONT RUFFIN, | ) | 8:11CV316 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 11.) In support of his Motion, Respondent filed a Brief in support (filing no. 12) and relevant State Court Records (filing no. 10). Petitioner Lamont Ruffin ("Ruffin") filed a Response to the Motion. (Filing No. 13.) This matter is therefore deemed fully submitted, and, as set forth below, the Motion for Summary Judgment is granted.

## I. BACKGROUND

On January 27, 2004, a jury found Ruffin guilty of one count of first degree sexual assault. (Filing No. 10-4, Attach. 4, at CM/ECF pp. 100, 113.) The Buffalo County, Nebraska District Court thereafter sentenced Ruffin to serve a prison term of 18-40 years for that conviction. (*Id.* at CM/ECF p. 114.) Ruffin filed a timely appeal, and the Nebraska Court of Appeals affirmed the conviction and sentence in a detailed opinion issued on December 7, 2004. (Filing No. 10-3, Attach. 3, at CM/ECF pp. 1-9.) Ruffin did not file a petition for further review with the Nebraska Supreme Court, and the mandate therefore issued on January 12, 2005. (Filing No. 10-2, Attach. 2, at CM/ECF p. 2.)

Ruffin filed a "Verified Motion to Vacate and Set Aside Conviction and Sentence" in the Buffalo County District Court on December 31, 2008 (the "Post

Conviction Motion"). (Filing No. 10-4, Attach. 4, at CM/ECF pp. 121-51.) The Buffalo County District Court denied the Post Conviction Motion on September 3, 2009, and Ruffin filed an appeal of that decision. (*Id.* at CM/ECF pp. 226-32.) The Nebraska Court of Appeals dismissed Ruffin's appeal for lack of jurisdiction, and the Nebraska Supreme Court affirmed that dismissal in an opinion issued on September 17, 2010. (Filing No. 10-7, Attach. 7, at CM/ECF pp. 1-8.)

Ruffin filed his Petition for Writ of Habeas Corpus (the "Petition") in this court on September 20, 2011. (Filing No. 1.) Respondent thereafter filed his Motion for Summary Judgment, arguing that Ruffin's Petition is barred by the relevant statute of limitations. (Filing No. 12.) In opposition, Ruffin argues that he is entitled to equitable tolling based on ineffective assistance of his direct appeal counsel. (Filing No. 13.)

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* *Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). There is no indication in this case that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on January 13, 2005, the day after the mandate issued in Ruffin's direct appeal, and the date on which Ruffin's direct criminal appeal became final. *See, e.g.*, *Riddle,* 523 F.3d at 852 (holding that, where a petitioner does not seek review from the state's "court of last resort," the one-year limitations period under AEDPA begins to run "the day after the direct-appeal mandate issued" and does not include a "90-day period for filing for certiorari"). Ruffin filed his Post Conviction Motion on December 31, 2008. (Filing No. 10-4,

3

Attach. 4, at CM/ECF pp. 121-51.) Thus, 1448 days (or 3 years, 11 months, and 18 days) passed between the conclusion of direct review and the filing of the Post Conviction Motion. As set forth above, the limitations period was tolled from December 31, 2008, until the conclusion of Ruffin's appeal relating to the Post Conviction Motion.

The limitations period began to run again on December 16, 2010, 90 days after the Nebraska Supreme Court denied Ruffin relief on his Post Conviction Motion. (Filing No. 10-7, Attach. 7, at CM/ECF pp. 1-8.) Ruffin filed his Petition in this court on September 20, 2011. (Filing No. 1.) Thus, an additional 278 days passed between the conclusion of Ruffin's post-conviction appeal and the filing of the Petition in this court. Together, a total of 1726 days, or nearly five years, elapsed between the conclusion of direct review and the filing of the Petition. In light of this, the court finds that Ruffin's Petition was not timely filed.

### B.    Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Liberally construed, Ruffin asserts that he is entitled to equitable tolling because

his trial counsel "should have advised or informed [Ruffin] to the requirements of the time limitations of the AEDPA of one-year for Federal Habeas Action" but failed to do so. (Filing No. 13 at CM/ECF p. 1.) As such, Ruffin was "misled" by his counsel's ineffectiveness. (*Id.* at CM/ECF p. 2.) However, ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006). Further, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). There is nothing in the record showing that Ruffin pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Ruffin's way of timely filing his Petition. The court finds that equitable tolling does not apply and Ruffin's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1.  Respondent's Motion for Summary Judgment (filing no. 11) is granted. Petitioner Lamont Ruffin's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice. All other pending motions are denied.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2ndf day of March, 2012.

BY THE COURT:

5

s/ Joseph F. Bataillon
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.